# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLAN SHONTA MAUL and<br>VERNON WHITESIDE,<br><br>              Plaintiffs,<br><br>v.<br><br>LOGAN COUNTY BOARD OF<br>COUNTY COMMISSIONERS, et al.,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case Number CIV-05-605-C<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Now before the Court is a Motion to Dismiss filed by Defendants Robert Hudson and Vincent Antonioli (collectively, Defendants). Plaintiffs timely filed a response. Accordingly, the matter is ripe for disposition. The Court, upon full consideration of the applicable law and the litigants' submissions, now **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss.

### BACKGROUND

In February 2000, an officer from the City of Langston, Oklahoma, Police Department arrested Plaintiffs for the rape of a sixteen-year-old girl. Following a mistrial, Plaintiffs were retried and acquitted of the charges in May 2003. Plaintiffs allege that their arrest and prosecution resulted from a concerted action to retaliate against individuals and their family members for speaking out against certain practices of the Langston Police Department. Plaintiffs further allege that Defendants' actions violated numerous rights guaranteed by the United States Constitution and seek both monetary damages and prospective injunctive relief;

they bring their action under 42 U.S.C. §§ 1983, 1985, and 1988. Defendants now move the Court to dismiss Plaintiffs' claims brought under 42 U.S.C. § 1983 for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), for lack of personal jurisdiction, Rule 12(b)(2), and for failure to state a claim upon which relief can be granted, Rule 12(b)(6).

### STANDARD OF REVIEW

A Rule 12(b)(1) motion may take either of two forms: a facial attack questioning the sufficiency of the complaint, or a factual attack questioning the existence of subject matter jurisdiction itself. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Here, Defendants mount a factual attack on Plaintiffs' claims brought under § 1983 for Defendants' actions in their official capacities. Although Defendants cite Rules 12(b)(2) and 12(b)(6) as authority for their motion, no factual or legal argument is raised regarding other either, and because the Court finds Defendants' factual attack to be both persuasive and dispositive, the Court will not address Defendants' motion under Rule 12(b)(2) or Rule 12(b)(6).

For a factual attack on subject matter jurisdiction, the Court may not presume the truthfulness of the complaint's allegations. Id. at 1003. Moreover, the Court has wide discretion to consider materials outside the complaint when resolving the jurisdictional question under Rule 12(b)(1); resort to outside materials does not convert the motion to dismiss to a Rule 56 motion for summary judgment. Id. Because the jurisdictional question and the merits of Plaintiffs' action are not intertwined, that is, neither issue is dependant on the same statute, the Court need not convert Defendants' Rule 12(b)(1) motion into either a Rule (12)(b)(6) or a Rule 56 summary judgment motion. Id.

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Rule 12(h)(3). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. 506, 514 (1868).

## DISCUSSION

For the instant motion, the core of the litigants' dispute concerns the extent to which Defendants are subject to suit under § 1983. Defendants argue that the Eleventh Amendment bars Plaintiffs' claims brought under § 1983 for actions Defendants take in their official capacities; therefore, the Court lacks subject matter jurisdiction and Plaintiffs' complaint should be dismissed. Plaintiffs argue that it is unclear whether the office of District Attorney is considered an arm of the state or of the county. Plaintiffs further argue that the Eleventh Amendment only bars claims for damages and not claims for injunctive relief.

The law is well-settled on this issue. State officials acting in their official capacities are absolutely immunized by the Eleventh Amendment against claims for monetary damages brought under § 1983, see Will v. Michigan Dep't of State Police, 491 U.S. 58, 68-71 (1989), but are not immunized against claims for prospective injunctive relief. See Seminole Tribe v. Florida, 517 U.S. 44, 73 (1996); Ex parte Young, 209 U.S. 123, 159-60 (1908). Under Oklahoma law, the office of District Attorney is an arm of the State of Oklahoma. Trimble v. Brown, 1971 OK 114, ¶ 15, 488 P.2d 1217, 1220; Arnold v. McClain, 926 F.2d 963, 965-

66 (10th Cir. 1991). Therefore, Defendants are only immune from Plaintiffs' claims for monetary damages brought under § 1983. Dismissal of Plaintiffs' claims for prospective injunctive relief would be inappropriate.

## CONCLUSION

Defendants' Motion to Dismiss [Dkt. No. 13] is **GRANTED IN PART** and **DENIED IN PART**, as delineated more fully herein. Plaintiffs' claims under § 1983 for monetary damages against Defendants in their official capacities are **DISMISSED WITH PREJUDICE**[*], as the Court lacks subject matter jurisdiction.

IT IS SO ORDERED this 12th day of October, 2005.

_____
ROBIN J. CAUTHRON
United States District Judge

---

[*] Plaintiffs' claims brought under § 1983 against Defendants are barred as a matter of law and cannot be cured by amendment.