**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ALLAN SHONTA MAUL and | ) | |
| VERNON WHITESIDE, | ) | |
| | ) | |
| Plaintiffs | ) | |
| v. | ) | Case Number CIV-05-605-C |
| | ) | |
| LOGAN COUNTY BOARD OF | ) | |
| COMMISSIONERS, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Now before the court is a Motion to Dismiss filed by Defendant David Webb (Webb),

Chief of Police for the City of Langston, Oklahoma, in his individual capacity.  Plaintiffs

Allan Shonta Maul and Vernon Whiteside (Plaintiffs) timely filed a response and the matter

is ripe for disposition.  The Court, upon full consideration of the motion and the applicable

law, now **DENIES IN PART** and **GRANTS IN PART** Webb's Motion to Dismiss.

## BACKGROUND

Plaintiffs allege in their Complaint that they were arrested on February 2, 2000, and

charged with first degree rape of a sixteen-year-old girl.  The charges were based on the

statement of the alleged victim taken by Langston Police Officer Michael Bondurant

(Bondurant).  Plaintiffs were subsequently acquitted.

Plaintiffs allege that their prosecution was a result of a concerted action by Defendants

to retaliate against their family members for signing a petition requesting Webb to dismiss

Bondurant from the Langston police force.  Plaintiffs also allege that Webb was either

directly involved in the conspiracy or that his failure to adequately train or supervise Bondurant allowed the actions complained of to occur.  Plaintiffs seek injunctive relief and monetary damages for violations of their constitutional rights under 42 U.S.C. §§ 1983, 1985, and 1988.  Webb now moves the Court to dismiss Plaintiffs' Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted.

## STANDARD OF REVIEW

Rule 12(b)(6) authorizes the Court to dismiss any claim made by Plaintiffs where it appears beyond doubt that the claim is legally insufficient to support a finding of liability.  Dismissal by Rule 12(b)(6) is appropriate where the complaint does not allege any set of facts that would entitle Plaintiffs to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In analyzing a Rule 12(b)(6) motion, the Court assumes that all well-pleaded facts contained in the complaint are true, views those facts in the light most favorable to Plaintiffs, and resolves all reasonable inferences in their favor.  Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  Dismissal of a complaint under Rule 12(b)(6) is "a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice."  Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir. 1986).

Despite the liberal approach of Rule 12, the Court is constrained to facts appearing in the complaint.  Sutton v. Utah State School for the Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).  Conclusory allegations unsupported by factual averments within the complaint will not save an otherwise insufficient claim from dismissal.  Hall v. Bellmon, 935

2

F.2d 1106, 1110 (10th Cir. 1991).  Facts contained in a litigant's brief may be used to clarify

or explain the meaning of specific factual allegations contained in the complaint.  Pegram v.

Herdich, 530 U.S. 211, 230 n.10 (2000).  This does not, however, give the Court authority

to consider facts and arguments outside the complaint's four December 13, 2005corners.

MacArthur v. San Juan County, 309 F.3d 1216, 1221 (10th Cir. 2002).

## **DISCUSSION**

**I.      Liability under §§ 1983 and 1985.**[1]

Webb argues that Plaintiffs fail to allege any facts that would establish his liability for

the alleged violations of Plaintiffs' constitutional rights and that as a matter of law he cannot

be held liable under §§ 1983 and 1985.  Webb also argues that he is entitled to qualified

immunity because Plaintiffs have not alleged a violation of a constitutional right.  In their

response, Plaintiffs argue that personal participation is not required where a defendant has

supervisory power over an actor involved in the alleged constitutional violations.  The Court

agrees with Plaintiffs, albeit not for the reason argued.

---

[1] Plaintiffs also attempt to bring their action under 42 U.S.C. § 1988.  However, § 1988 gives the Court the power to use state law in certain circumstances and to grant attorney's fees for claims under §§ 1983 and 1985.  "[Section 1988] is procedural and alone does not give rise to a cause of action."  Taylor v. Nichols, 558 F.2d 561, 568 (10th Cir. 1977).  Thus, the Court only views Plaintiffs' claims under §§ 1983 and 1985.

### A.      Rule 12(b)(6).

Webb may be liable as a supervisor under §§ 1983 and 1985 in one of three ways: where he directly participates in the conduct or conspiracy which resulted in the constitutional deprivation, Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996); where he failed to train or supervise, or where the training is so grossly negligent that future misconduct is nearly inevitable, Meade v. Grubbs, 841 F.2d 1512, 1528 (10th Cir. 1988); or where he knew or should have known of the misconduct but failed to act to prevent future harm, McClelland v. Facteau, 610 F.2d 693, 697 (10th Cir. 1979).  Here, throughout the Complaint Plaintiffs use the term "defendants," which includes Webb, in stating the elements of each cause of action.[2]  Although Plaintiffs' Complaint is not a model for artful pleading in federal court, the factual allegations, and all reasonable inferences drawn therefrom, sufficiently state claims for relief against Webb under a theory of supervisor liability both via direct participation in and failure to prevent the conduct which allegedly resulted in the constitutional deprivations.  As Webb's first argument fails, the Court turns to his assertion of qualified immunity.

---

[2]  Plaintiffs also use the phrase "City of Langston" in various places in the Complaint.  A reasonable inference may be drawn that the phrase also includes Webb, as he is the Chief of Police for the City of Langston and the police department is a unit of the City of Langston.

4

**B.**     **Qualified Immunity.**[3]

The Court's analysis of Webb's qualified immunity defense entails a conjunctive two-step inquiry: whether Plaintiffs alleged a deprivation of an actual constitutional right and, if so, whether the rights were clearly established when the alleged violation occurred.  Peterson v. Jensen, 371 F.3d 1199, 1202 (10th Cir. 2004).  If both elements are established, Webb will not be entitled to qualified immunity.  See Hope v. Pelzer, 536 U.S. 730, 739 (2002).

The Court may look to decisions from the United States Supreme Court, the Tenth Circuit, or the weight of authority from other courts when determining if the constitutional rights at issue were clearly established.  The pre-existing law's

> contours "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.  This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent."

Hope, 536 U.S. at 739 (citations omitted).

Plaintiffs' Complaint clearly states claims for deprivations of actual constitutional rights guaranteed by the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.  Moreover, the rights which Plaintiffs allege Webb violated were clearly established in February 2000 when the actions complained of occurred.  See generally County of Sacramento v. Lewis, 523 U.S. 833 (1998) (substantive due process); Heck v.

---

[3]  "Asserting a qualified immunity defense via a Rule 12(b)(6) motion . . . subjects the defendant to a more challenging standard of review than would apply on summary judgment."  Peterson v. Jensen, 371 F.3d 1199, 1201 (10th Cir. 2004).

Humphrey, 512 U.S. 477 (1994) (malicious prosecution); Wyatt v. Cole, 504 U.S. 158 (1992) (abuse of process); Malley v. Briggs, 475 U.S. 335 (1986) (false arrest); Bates v. City of Little Rock, 361 U.S. 516 (1960) (freedom of speech and association); Stack v. Boyle, 342 U.S. 1 (1951) (excessive bail).  As a result, Webb is not entitled to qualified immunity and his motion to dismiss is denied as it pertains to Plaintiffs' claims under §§ 1983 and 1985.

## II.    Plaintiffs' State Law Claims.

Plaintiffs' Complaint also invokes the Court's supplemental jurisdiction under 28 U.S.C. § 1367 for state law claims.  However, the Complaint is clear that Plaintiffs are bringing claims founded upon federal law and not state law.  In addition, Plaintiffs fail to address Webb's argument that the Complaint fails to set forth claims under state law.  Therefore, to the extent Plaintiffs are attempting to assert state claims in their Complaint, they are dismissed.

## CONCLUSION

Webb's Motion to Dismiss [Dkt. No. 9] is **DENIED IN PART** and **GRANTED IN PART** for the reasons discussed above.  Plaintiffs' state law-based claims against Webb in his individual capacity are **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED this 14th day of December, 2005.

_____

ROBIN J. CAUTHRON
United States District Judge