IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLAN SHONTA MAUL and VERNON WHITESIDE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case Number CIV-05-605-C |
| LOGAN COUNTY BOARD OF COUNTY COMMISSIONERS, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendants Robert Hudson and Vincent Antonioli filed for Judgment on the Pleadings based on absolute immunity and because there is no justiciable controversy. (Dkt. No. 30.) Plaintiffs responded, and Defendants replied. (Dkt. Nos. 31, 34.) As set out more fully below, the motion is granted.

## Standard of Review

Federal Rule of Civil Procedure 12(c) permits any party to move for judgment on the pleadings after the pleadings are closed but within such time as not to delay trial.[1] In reviewing a Rule 12(c) motion, the Court accepts all well-pleaded allegations in the Complaint as true and construes them in the light most favorable to Plaintiffs. Estes v. Wyoming Dep't of Transp., 302 F.3d 1200, 1203 (10th Cir. 2002). In general, a "complaint

---

[1] Although the Court may consider matters outside the pleadings, thus converting the motion into one for summary judgment, see Fed. R. Civ. P. 12(c), here the parties simply refer to allegations in the Complaint and relevant case law. Therefore, the motion will not be converted, and Rule 56 does not apply.

should not be dismissed 'unless it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief.'" Ramirez v. Dep't of Corrections, 222 F.3d 1238, 1240 (10th Cir. 2000) (discussing the standard of review on a Rule 12(c) motion and quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  However, Plaintiffs must plead minimal factual allegations to support the material elements of their claims; "conclusory allegations without supporting factual averments are insufficient. . . ." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (discussing the standard under which courts analyze the sufficiency of a complaint); see also Ramirez, 222 F.3d at 1241 (explaining that when a defendant asserts a qualified immunity defense on a Rule 12(c) motion, the complaint must contain "specific, non-conclusory allegations of fact" showing that the actions taken were not objectively reasonable in light of clearly established law).

## Discussion

Plaintiffs assert claims against a number of defendants, including Hudson and Antonioli, related to the arrest and prosecution of them for the first-degree rape of a minor. Hudson was the District Attorney for Logan County, and Antonioli was the Assistant District Attorney. (Compl. ¶¶ 9, 10.) According to Plaintiffs, "[o]nce [] charges were filed," Hudson and Antonioli became co-conspirators in the arresting officer's "plot of retaliation" against Plaintiffs.[2]  (Id. ¶ 32.)  They charged and prosecuted Plaintiffs for first degree rape, even

---

[2] The details of the officer's alleged retaliatory motive are set out in the Court's prior orders in this case and in the Complaint.  In short, Plaintiffs contend that the officer was attempting to get back at a relative of Plaintiffs' who had signed a petition asking for his removal from the police force and who, as the City Clerk, had questioned the chief of police about off-the-book payments
(continued...)

though Plaintiffs claim there was no evidence to support those charges. (Id. ¶¶ 27-31). In addition, Plaintiffs complain that Hudson and Antonioli recommended bail of $ 35,000 even while offering Plaintiffs a reduced plea of contributing to the delinquency of a minor. (Id. ¶¶ 33, 63.) Plaintiffs also contend that they were arrested based on an affidavit that was "false and/or seriously misleading." (Id. ¶ 47.) Finally, Plaintiffs allege that "Defendants" (but not specifically Hudson and Antonioli) sought prosecution of Plaintiffs (after a mistrial), maintained false evidence that a rape occurred, and coaxed witnesses into conveying false testimony. (Id. ¶ 57.)

Prosecutors are absolutely immune from suits for damages arising from the performance of their functions as advocates. Kalina v. Fletcher, 522 U.S. 118, 131 (1997); Imbler v. Pachtman, 424 U.S. 409, 431 (1976) (holding that a prosecutor is immune from civil suit for damages for "initiating a prosecution and in presenting the State's case"). "An absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." Imbler, 424 U.S. at 419 n.13. The critical issue, then, is not the actor's identity but the nature of the function performed. Kalina, 522 U.S. at 127. Thus, the Court must consider whether the actions complained of would fall within the protected sphere of a prosecutor's traditional advocacy function or are more properly characterized as "investigative" or "administrative," for which only qualified immunity would be available

---

²  (...continued)
of traffic citations.

if the activities were not closely connected to the advocacy function. See Scott v. Hern, 216 F.3d 897, 908 (10th Cir. 2000).

Regardless of whether any bad intent existed, Hudson's and Antonioli's decisions to bring charges for first-degree rape and to prosecute Plaintiffs (originally and following a mistrial) are absolutely immune. Imbler, 424 U.S. at 427, 428 n. 27, 430. The decision to charge Plaintiffs with a particular crime and to commence prosecution are functions squarely within the district attorneys' advocacy role. See, e.g., Gibbs v. Deckers, 234 F. Supp. 2d 458, 459 & 462-63 (D. Del. 2002) (holding that prosecutor's decision to charge the plaintiff with rape, despite subsequent pre-trial hearing finding that there was no probable cause to believe he committed the alleged rape, was absolutely immune). Likewise, Hudson and Antonioli's decisions to recommend a particular bail amount and seek an arrest warrant are absolutely immune. Lerwill v. Joslin, 712 F.2d 435, 438 (10th Cir. 1983). In Lerwill, the Tenth Circuit concluded that "filing charges, procuring an arrest warrant, and seeking a particular bail amount were part of [the city attorney's] 'initiation and presentation' of a prosecution within the meaning of *Imbler*." Id. The result is no different because the probable cause affidavit completed by an officer allegedly contained false or misleading information. Hudson and Antonioli are absolutely immune from liability for "failing to conduct an adequate, independent investigation of matters referred to them for prosecution." Scott, 216 F.3d at 909 (quotation omitted). Thus, as a matter of law, Plaintiffs cannot pursue claims against Hudson or Antonioli based on filing charges, procuring an arrest warrant, prosecuting Plaintiffs, or recommending a bail amount.

To the extent that Plaintiffs complain about false testimony being offered or exculpatory evidence suppressed, Hudson and Antonioli are absolutely immune for those actions as well. See Kalina, 522 U.S. at 124 (discussing Imbler's scope). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). In their Response, Plaintiffs argue that Defendants are not absolutely immune from civil liability "for actions involving fabrication of evidence as part of the pre-prosecution investigation" and that "[a]bsolute immunity does not extend to investigatory actions that precede the existence of probable cause." (Pls.' Resp. at 2).

However, according to Plaintiffs, Hudson and Antonioli did not join the "plot of retaliation" until after charges were filed. (Compl. ¶ 32.) There is nothing in the Complaint to suggest that they were involved in any "pre-prosecution fabrication of evidence." Plaintiffs are correct that Rule 8 does not require them to "set forth each and every fact, in detail, where liability is sought to be asserted." (Pls.' Resp. at 4.) Nevertheless, Plaintiffs have not provided any detail about how Hudson or Antonioli "maintained false evidence" or "coaxed witnesses into conveying false testimony" that would fall outside their role as advocates; nor have they alleged that these Defendants engaged in the pre-arrest investigatory functions normally performed by a detective or police officer. See Buckley, 509 U.S. at 273-74. Nor have they provided more specific information in their Response or requested leave to add additional allegations to the Complaint. If Plaintiffs were allowed to proceed with discovery

based on these wholly conclusory allegations, they could effectively bypass and undercut the protections granted to prosecutors through the doctrine of absolute immunity. Therefore, for the reasons stated above, the Court agrees that Hudson and Antonioli are entitled to a judgment that, based on Plaintiffs' allegations, they are absolutely immune from a damages suit under section 1983 or 1985.

Hudson and Antonioli also argue that Plaintiffs should not be allowed to pursue their claim for injunctive relief because there is no actual controversy. (Mot. at 6-7.) In the Complaint, Plaintiffs request unspecified "injunctive relief." (Compl. at 17.) However, in their Response, Plaintiffs explain they intend to seek an order directing Hudson and Antonioli "to seek the expungement of any and all criminal records maintained by the Logan County District Court and/or the Logan County District Attorney's Office, and any other State or County Judicial or Administrative body relating to the charges of first degree rape," for which they were acquitted. (Pls.' Resp. at 5.)

Plaintiffs are correct that in "appropriate circumstances," injunctive relief is available in suits under 42 U.S.C. § 1983, Smith v. Paulk, 705 F.2d 1279, 1283 (10th Cir. 1983), and, in "rare or extreme instances," the Court may exercise its inherent equitable authority to order the expungement of a conviction. Camfield v. City of Oklahoma City, 248 F.3d 1214, 1234 (10th Cir. 2001). However, Plaintiffs have not suggested that the state procedures, 22 Okla. Stat. §§ 18, 19, allowing an acquitted person to seek expungement and/or sealing of criminal records, are inadequate. Because federalism concerns require respect for the "integrity and function" of state or local governmental bodies, Signature Properties Int'l Ltd.

P'ship v. City of Edmond, 310 F.3d 1258, 1269 (10th Cir. 2002), the Court is reluctant to allow Plaintiffs' claims for injunctive relief against Hudson and Antonioli to survive absent some showing that they are entitled to the relief requested.  Based on the Complaint and Plaintiffs' Response, the Court finds that Plaintiffs will not be able to show that they should be granted the extraordinary relief sought.  See Hearn v. Hudson, 549 F. Supp. 949, 957-58 (W.D. Va. 1982) (abstaining when state procedures allowed individuals to seek an order of expungement).  Thus, Hudson and Antonioli are entitled to judgment on Plaintiffs' claim for injunctive relief as well as their claims for damages under section 1983 and 1985.

Accordingly, Defendants, Robert Hudson and Vincent Antoioli's [sic] Motion [] For Judgment on the Pleadings (Dkt. No. 30) is GRANTED.  Judgment shall issue at the conclusion of these proceedings.

IT IS SO ORDERED this 29th day of December, 2005.

ROBIN J. CAUTHRON
United States District Judge