IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLAN SHONTA MAUL and VERNON WHITESIDE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. CIV-05-605-C |
| LOGAN COUNTY BOARD OF COUNTY COMMISSIONERS, et al., | ) ) ) ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

On October 4, 2006, the Court granted Defendants' motion for summary judgment, which resulted in judgment being entered in their favor on the same day. Plaintiffs filed a motion to reconsider on October 18, and Defendants have responded. For the reasons stated below, Plaintiffs' motion is denied.

STANDARD

A motion to reconsider filed within ten days after entry of judgment is considered a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). The timing provisions of Rule 6(a) apply to exclude weekends and holidays in computing that ten-day period. Fed. R. Civ. P. 6(a); Fed. R. Civ. P. 59 advisory committee's note. Because Plaintiffs' motion was filed within the timeframe provided for in Rule 59(e), it is presumptively governed by that rule.

> Grounds warranting a [Rule 59(e)] motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

Does, 204 F.3d at 1012 (citations omitted). Courts uniformly agree that a Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple.

To supplement a motion to reconsider with additional evidence under the second ground, the evidence must be newly discovered or, if the evidence was available at the time summary judgment was granted, counsel must have made a diligent yet unsuccessful attempt to discover that evidence. Comm. for First Amendment v. Campbell, 962 F.2d 1517, 1523 (10th Cir. 1992).

Under the third ground, a showing of clear error or manifest injustice does not directly authorize augmentation of the record. The motion to reconsider should be based on arguments that were previously raised but overlooked by the court. See United States v. Jasin, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003). Clear error normally requires "'the definite and firm conviction that a mistake has been committed'" based on the entire evidence, Easley v. Cromartie, 532 U.S. 234, 241 (2001) (citation omitted), or that a particular factual determination lacks any basis in the record, United States v. Boyd, 289 F.3d 1254, 1258 (10th Cir. 2002). Manifest injustice, however, may reach the serious misconduct of counsel (i.e., improper actions that have affected the outcome of the case). 11 Federal Practice and

Procedure § 2810.1 (2006) (citing Dale & Selby Superette & Deli v. Dep't of Agric., 838 F. Supp. 1346, 1348 (D. Minn. 1993)).

Attorney mistake is also a ground for relief from judgment under Rule 60(b)(1). Subsection (b)(1) specifically permits relief for "mistake, inadvertence, surprise, or excusable neglect." Mistake includes the excusable litigation errors by a party or the unauthorized action of an attorney in the litigation. Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999). Whether neglect is excusable is an equitable determination that requires consideration of all relevant circumstances, including prejudice, fault and/or pattern of deliberate dilatoriness and delay, and the merits of the underlying claim. Jennings v. Rivers, 394 F.3d 850, 856-57 (10th Cir. 2005). Notwithstanding the timing of a postjudgment motion, the Court must analyze the motion based on the reasons clearly expressed by the movant. See id. at 855-56.

## DISCUSSION

Plaintiffs' claims against Defendants arose from the allegedly unfounded arrest and prosecution of them for First Degree Rape of a sixteen-year-old girl. That arrest and prosecution were allegedly caused because of a vindictive police officer who wanted to retaliate against a relative of Plaintiffs who had presented community complaints about that officer to the chief of police. The claims remaining for consideration at summary judgment were for the constitutional torts of malicious prosecution and abuse of process as well as for a substantive due process violation. Plaintiffs' basic argument was that the investigating officer, Defendant Michael Bondurant, performed an inadequate investigation and included

in his probable cause affidavits (1) a false statement that Plaintiff Allan Shonta Maul confessed to having sex with the minor and continued intercourse despite her telling him to stop, and (2) omitted a number of allegedly exculpatory facts. Defendant David Webb, the then-Chief of the Langston City Police Department, was accused of failing to adequately train and/or supervise Bondurant's investigation and of being deliberately indifferent to the risk of constitutional violations arising from an inadequate police investigation by an officer who had never before conducted such an investigation and against whom numerous citizen complaints had been made.

In response to Defendants' motion for summary judgment, Plaintiffs submitted a 27-page brief, which also incorporated and repeated objections contained in separate motions in limine and to strike some of Defendants' summary judgement evidence, as well as an appendix of exhibits. The Court considered and ruled on pertinent evidentiary arguments in its order on summary judgment. With respect to the malicious prosecution claim, the Court found that, even if the omitted facts were considered, the assistant district attorney had probable cause to bring charges against Plaintiffs and, furthermore, the subsequent preliminary hearing cured prior constitutional defects. In reaching that decision, the Court discounted Plaintiffs' unsupported assertion that Bondurant lied about Maul's confession and found that the evidence did not raise a genuine issue of material fact as to Bondurant's alleged retaliatory motive. Plaintiffs' substantive due process claim also failed because the evidence could not reasonably support the inference that either Bondurant or Webb intentionally violated or were deliberately indifferent to Plaintiffs' rights and because the

record did not reveal conduct that would shock the judicial conscience. Plaintiffs' abuse of process claim failed on its merits and for statute of limitations reasons.

In their motion to reconsider, Plaintiffs contend:

1. The Court erred when it found that "probable cause" existed in the arrests of Plaintiffs, sufficient to defeat their claims of malicious prosecution.

2. The Court erred when it found that there was no evidence that either Bondurant or Webb were "deliberately indifferent to Plaintiffs' Fourteenth Amendment Rights."

(Dkt. No. 81, Pls.' Mot. at 1.) These contentions are addressed below.

   *A.   Probable Cause to Bring Charges and to Prosecute*

In addition to repeating arguments made in their original response, Plaintiffs cite Maul's trial testimony that he did not admit to Bondurant that he had sexual contact with the minor. (Pls.' Resp. at 3.)[1] This evidence was included in *Defendants'* two-volume appendix to their motion for summary judgment. However, neither that exhibit nor the particular excerpt was cited in Plaintiffs' response brief. Defendants cited the 55-page exhibit containing the excerpt once in their brief, along with eight other exhibits, to support their

---

[1] The specific exchange between counsel and Maul was:

Q. And so you felt so comfortable with [Bondurant] that you told him that you had had sex with her when she told you no?
A. You're putting words in my mouth, again, sir. I never stated that.
Q. So you deny ever telling Officer Bonderant [sic] that?
A. I did not tell Officer Bonderant [sic] that I had any type of relations with this young lady.

(Dkt. No. 54 Ex. H at 49-50.)

5

assertion that Bondurant and Webb did not violate any constitutional rights. (Dkt. No. 54 at 9 ¶ 35 & Attach. H.)

Plaintiffs offer no explanation for failing to cite Maul's trial testimony. They do not argue, nor could they, that this is newly discovered evidence. It was in the summary judgment record. Nor do they argue that counsel made a diligent yet unsuccessful attempt to discover this evidence. Again, such an argument is untenable given that the statement is one of the Plaintiffs', this transcript was in the record, and Plaintiffs' counsel had to have had at least a working familiarity with Defendants' brief and the accompanying exhibits to formulate a response.

In this case, Plaintiffs' untimely reference to Maul's trial testimony in their motion to reconsider is unexcused and may properly be disregarded.

> [T]he presence or absence of genuine issues of material fact is to be gauged as of the time judgment is entered by the District Court, and [evidence] filed for the first time in support of a motion for reconsideration of a grant of summary judgment may be considered untimely and may not be considered, particularly where permission for filing such [evidence] was neither sought nor granted, and particularly where the evidence sought to be introduced was previously available.

27A Federal Procedure § 62:756 (Lawyers ed. 2006) (footnotes omitted). Because there has been no intervening change of controlling law, the only possible remaining ground to support reconsideration under Rule 59(e) is that failure to do so would result in a manifest injustice for which attorney error is responsible.

The Court is not persuaded that any injustice has occurred. If the parties moving for summary judgment will not bear the burden of persuasion on a claim at trial, as Defendants would not, they may make a prima facie demonstration of the absence of a genuine issue of material fact "simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant[s'] claim;" they are not required to provide evidence to negate the nonmovants' claim. Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). In response to a properly supported motion for summary judgment, the nonmovants "may not rest upon the mere allegations or denials of [their] pleading, but . . . by affidavits or as otherwise provided . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Unsupported, conclusory allegations will not establish the existence of a triable issue of fact once the party moving for summary judgment has supported its motion. See United States v. Simmons, 129 F.3d 1386, 1388-89 (10th Cir. 1997).

In support of their motion, Defendants attached affidavit testimony and documentary evidence that the statements in Bondurant's report and arrest warrant affidavit regarding what Maul said in response to questioning were truthful and accurate. Thus, it was Plaintiffs' burden to support their contention that Bondurant lied about Maul admitting to having sex with the minor against her will with specific reference to evidence sanctioned by Rule 56. See Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). They failed to discharge this burden. Faced with only the allegations of counsel, it was not the Court's function to "search the record in an effort to determine whether there exist[ed]

dormant evidence which might require submission of the case to a jury." Id. at 1025. Nor would an appellate court normally consider on direct appeal evidence that was not "adequately brought to the attention of the district court by the parties" at summary judgment. Adler, 144 F.3d at 671.

Regardless, the citation of this evidence would not have changed the decision rendered. Constitutionally protected interests are implicated when a police officer knowingly or with reckless disregard for the truth includes a false statement in an arrest warrant affidavit or furnishes false inculpatory information to prosecutors. See Pierce v. Gilchrist, 359 F.3d 1279, 1292-93 (10th Cir. 2004); Taylor v. Meacham, 82 F.3d 1556, 1560-61 (10th Cir. 1996); Wolford v. Lasater, 78 F.3d 484, 489 (10th Cir. 1996). Maul's trial testimony would have been sufficient to raise a genuine issue as to whether Bondurant's affidavit contained a falsehood. The question would then have been whether, setting aside that representation, there was still probable cause to prosecute. See Grubbs v. Bailes, 445 F.3d 1275, 1278 (10th Cir.), cert. denied, ___ U.S. ___, 127 S.Ct. 384 (2006); Pierce, 359 F.3d at 1293; Wolford, 78 F.3d at 489.

The Court finds that there was probable cause, for substantially the same reasons as set out in its order on summary judgment. Even considering the allegedly exculpatory omissions identified by Plaintiffs, the minor's allegations were not incredible or so unsubstantial as to make her claims unworthy of belief. Furthermore, the subsequent preliminary hearing would have vitiated any lack of probable cause that might have existed when charges were filed a month earlier. Although Plaintiffs complain that they never would

have been arrested or presented at a preliminary hearing absent the arrest warrant affidavits that contained the statement that Maul confessed (Pls.' Mot. at 5), they do not posit or prove that the judge presiding at that hearing was aware of any alleged confession. Plaintiffs have previously alluded to coaxing or coaching of the minor by police but have produced no evidence to support that allegation. Therefore, the judicial determination to bind Plaintiffs over for trial "broke the chain of causation" with respect to any malicious prosecution Bondurant may have set in motion through the false statements and omissions in his arrest warrant affidavits. See Taylor, 82 F.3d at 1563. Thus, whether viewed under Rule 59(e) or 60(b)(1), Plaintiffs' request fails. Consideration of evidence not presented at summary judgment would not alter the outcome on the malicious prosecution claim on the probable cause issue.

Finally, Plaintiffs take issue with the Court's finding that there was insufficient evidence of a retaliatory motive on Bondurant's part. They argue that they are not required to prove retaliation, only malice. (Pls.' Mot. at 3.) And, that "in a small community such as Langston, it would be all but impossible for Bondurant to have been utterly unaware of a petition that had been circulating around the city calling for his removal." (Id.) However, Bondurant stated that he was unaware that the petition was circulated until after charges were filed on February 4 (Dkt. No. 54 Attach. A ¶ 21), and he included Maul's alleged confession in his incident and offense report, which was completed on January 2, well before the petition was circulated (Dkt. No. 54 Attach. A Exs. 2 & 3). Accordingly, the Court's judgment with respect to the malicious prosecution claim stands.

*B.     Due Process Violation*

In addition, Plaintiffs argue that summary judgment should not have been granted on their substantive due process claim because:

> During his deposition, Bondurant's supervisor, Webb explained that part of any investigation would be to obtain statements from witnesses, as well as [] the perpetrators of the crime. During the instant investigation, and being CLEET certified himself, Webb indicated that he would have liked Bondurant to have interviewed all witnesses at the party during which the rape occurred, and complied [sic] a list of those individuals; however, the reality of the situation is that the police report submitted to the district attorney contained only statements from the victim, victim's mother, and the victim's sister and an indication of those persons who he interviewed. No list was kept of party attendees, i.e. those he did not interview and/or obtain statements from.

(Pls.' Mot. at 5-6 (footnotes omitted).)

Plaintiffs cite eight pages from Webb's deposition in support. None of those pages were included in the appendix to Plaintiffs' summary judgment response. (Dkt. No. 67 Ex. 9.) One of those pages was cited in the response but not attached. Another, uncited page was attached to a motion to strike. (Dkt. No. 58 Ex. 3.) Plaintiffs offer no explanation for their failure to fully identify the evidence supporting their arguments or to place that evidence in the record. As explained more fully above, those failures amount to a failure to discharge their burden at summary judgment. Plaintiffs have not acknowledged or satisfied the grounds that would warrant reconsideration.

However, had this evidence been presented and considered at summary judgment, the outcome would have been the same. Webb stated in his deposition, presumably based on his experience and training, that he would have liked more information in Bondurant's police

report, including "just a little bit more detail" and more interviews (Dkt. No. 82 Ex. 2 at 23), that he had received verbal complaints about Bondurant as well as other officers (id. at 33-34), that first degree rape was a serious allegation (second only to murder), and that Bondurant had investigated only this one such case (id. at 35). Webb also stated that he was not involved in the investigation. (Id. at 35.) However, nothing in this testimony reasonably suggests that Webb was deliberately indifferent to violations of constitutional rights flowing from Bondurant's investigation and presentation of the facts to the district attorney's office sufficient to support his liability for a substantive due process violation.

With respect to Bondurant, even with Maul's testimony that he never admitted to having sex with the minor, Plaintiffs could not survive summary judgment on their substantive due process claim. As an initial matter, alleged Fourth Amendment violations are not actionable as redundant substantive due process claims. Albright v. Oliver, 510 U.S. 266, 275 (1994) (plurality opinion); Taylor, 82 F.3d at 1560. Further, any substantive due process claim against Bondurant would suffer from its own infirmities.

Substantive due process violations must be arbitrary abuses of executive power that "shock the conscience." Conscience shocking conduct requires "'an intent to place a person unreasonably at risk' (or reckless conduct) as when a state actor 'was aware of a known or obvious risk that was so great that it was highly probable that serious harm would follow and he or she proceeded in conscious and unreasonable disregard of the consequences.'" Uhlrig v. Harder, 64 F.3d 567, 574 (10th Cir. 1995) (citation omitted). Plaintiffs also "must

demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking" or at a "high level of outrageousness." Id.

Here, Plaintiffs' evidence is lacking in both respects. First, apart from evidence, in the form of Maul's trial testimony, suggesting that Bondurant's statement that Maul admitted having sex with the minor after she told him to stop was actually false, Plaintiffs have produced no other evidence to support the necessary inference that the falsehood was intentionally or recklessly included in Bondurant's report and arrest warrant affidavit. Second, in context, even if the evidence reasonably suggests that Bondurant acted as alleged, that action is not conscience shocking. The alleged false confession was not the sole basis for Maul's arrest and prosecution. The Court has already found that probable cause existed, and although the case against Maul would have appeared weaker without a confession, the assistant district attorney decided to prosecute Plaintiff Vernon Whiteside, for whom there was no confession, based on the minor's allegations. Thus, even if there generally exists a risk of harm flowing from an officer's false statement that a suspect confessed, the consequences of and risk associated with the conduct alleged here are insufficient to support a due process claim. Therefore, the Court's judgment with respect to the substantive due process claim stands.

CONCLUSION

Accordingly, Plaintiff Maul and Whiteside's Motion to Reconsider Memorandum Opinion and Order (Dkt. No. 81) is DENIED.

IT IS SO ORDERED this 29th day of November, 2006.

_____
ROBIN J. CAUTHRON
United States District Judge